**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Tiboni, et al., | ) | **CASE NO. 1:09 CV 1804** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| Smith & Cowan Coal & Supply Co., | ) | **Memorandum of Opinion and Order** |
| et al., | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon plaintiffs' Motion for Summary Judgment (Doc. 19).

For the following reasons, the motion is UNOPPOSED and GRANTED.

**Facts**

Plaintiffs, the fiduciaries of the Building Material Drivers Local 436 Pension Trust Fund

and Welfare Trust Fund, filed their Complaints in these consolidated cases against defendants

Smith & Cowan Coal & Supply Company, Hattendorf-Bliss Inc., the Collinwood Shale Brick

and Supply Company, and Sherman Industries, Inc. (collectively hereafter, defendants).

1

The facts set forth by plaintiffs are not in dispute given that no defendant has opposed the motion and as evidenced by the Joint Stipulations of Fact (Doc. 18) previously filed. Accordingly, the facts, including the amount in controversy and defendants' liability, are incorporated herein by reference.  (Doc. 19 at 2-12)

The Motion for Summary Judgment has not been opposed by any defendant.[1]

**Standard of Review**

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).  A fact is "material only if its resolution will affect the outcome of the lawsuit."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party.  Federal Rule of Civil Procedure 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere

---

[1]     Although defendant Hattendorf-Bliss, Inc. sought and was granted an extension to May 5, 2010 to respond to the motion, no opposition to the Motion for Summary Judgment was filed.

> allegations or denials of [his] pleadings, but [his response], by
> affidavits or as otherwise provided in this rule, must set forth
> specific facts showing that there is genuine issue for trial.  If he
> does not respond, summary judgment, if appropriate, shall be
> entered against him.

The court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party.  *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (citation omitted); *see also United States v. Hodges X-Ray, Inc.,* 759 F.2d 557, 562 (6th Cir. 1985).  However, the nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury."  *Cox*, 53 F.3d at 150.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case.  *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).  Accordingly, "the mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 52 (1986)).  Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment.  *Anderson*, 477 U.S. at 249-50 (citation omitted).

In the event that a party does not respond to a Motion for Summary Judgment, Federal Rule of Civil Procedure 56(e) provides that summary judgment shall be entered "if appropriate."

## Conclusion

Having reviewed plaintiffs' unopposed motion, the Court concludes summary judgment is appropriate in favor of plaintiffs and against defendants for all unpaid contributions, interest,

and liquidated damages.  Plaintiffs are to submit to this Court within 10 days of this Order a proposed judgment entry which includes the amounts due by defendants to date.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge


Dated: 5/10/10

4